IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AIMEE HAAN**

          Plaintiff,

Hon.
Mag.
Case No. 16-cv-

v.

**ALLIED REVENUE SERVICES, LLC dba
ALLIED COLLECTION SERVICE**

          Defendant.

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff**, AIMME HAAN** (hereinafter referred to as "HAAN" or "Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this action against the above listed Defendant**, ALLIEND REVENUE SERVICES, LLC dba ALLIED COLLECTION SERVICE** ("Allied" or "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* and demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect a medical debt from the Plaintiff and others.

2.

Plaintiff also brings this action for ACTUAL damages and injunctive relief seeking to STOP Defendants plan and practice of operating as a licensed collection agency under a different

name than what is appearing on the Michigan collection license in violation of The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq. and The Michigan Occupational Code (MOC), codified at MCL 339.901 et seq.

3.

Defendant is sending out collection letters to Michigan citizens and charging collection costs not authorized by the Original Agreement between the debtor and the original creditor and doing so under a business name different from the name on their collection license.

## II. PARTIES

4.

The Plaintiff is a natural person and consumer and resident of Grand Rapids, Kent County, State of Michigan, and a "consumer" as defined by the FDCPA, RCPA and MOC.

5.

The Defendant Allied Revenue Services, LLC dba Allied Collection Service is a collection agency located in Zeeland Michigan, Ottawa county with an Active Collection License with the State of Michigan a License #2401002756 (**Exhibit 1**) but with no indication in the license that Allied Revenue Services, LLC will operate as Allied Collection Service as they do in **Exhibit 2**, the letter sent to Michigan Debtors.

## III. STATUES AND CASE LAW

### THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

6.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.

2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

7.

The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

8.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

9.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3). Plaintiff is a consumer.

10.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5). The mortgage debt here is a "debt" under the FDCPA.

11.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). The Potestivo Defendants are debt collectors under the law and by its own admission in its Foreclosure Notice of Mortgagee Sale.

12.

Under 15 U.S.C. § 1692a (2), the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

13.

15 U.S. Code § 1692f- Unfair Practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

14.

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "A debt collector violates § 1692e, put simply, if the collection practice that he uses has the tendency to confuse the least sophisticated consumer." *Gillie v. Law Office of Eric A. Jones, LLC*, 785 F.3d 1091, 1106 (6th Cir. 2015) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d

324, 329 (6th Cir. 2006)), rev'd on other grounds sub nom. *Sheriff v. Gillie*, 136 S. Ct. 1594 (2016).

15.

The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA. "While the Eleventh Circuit has not previously addressed this issue, we find the Eighth Circuit's reasoning in *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam), to be persuasive. There, the Eighth Circuit held that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance of the debt due rather than the Case: 13-12276 Date Filed: 01/02/2014 Page: 6 of 9 7 actual cost of collection. Id." *Bradley v. Franklin Collection Services Inc.* (739 F.3d 606 (11th Cir. 2014)).

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

16.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

17.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes. Defendants are third party debt collectors/agencies and attorneys seeking the payment of money for a creditor client based on original obligations between Plaintiff class members and the original obligors in the County of Kent and the State of Michigan.

18.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim. Defendants are operating in Kent County and throughout the State of Michigan as "collection agencies" under the RCPA.

19.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. Defendants are communicating with Michigan consumers through dunning letters.

20.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. Plaintiff is a consumer under the RCPA

21.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

22.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendants each represent regulated persons under § 445.251(f).

## MICHIGAN OCCUPATIONAL CODE (MOC)

23.

The Michigan Occupational Code (MOC), MCL 339.901 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines and requires that collection agencies are licensed in the State of Michigan unless their collection activities are exclusively limited to interstate activities.

24.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes. Defendant is and collecting a debt.

25.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim. Defendant is a collection agency.

26.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. Defendants are communicating with Michigan consumers through dunning letters.

27.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. Plaintiff is a consumer.

29.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

30.

The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications; Lovelace v Stephens & Michaels Assocs., Inc. No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

31.

The Plaintiff, on behalf of himself and all others similarly situated, seeks ACTUAL DAMAGES, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court in a Class Action context, pursuant to the MOC and the RCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly

situated requests that he and the class members be awarded:

a. Their Actual Damages suffered by the increase in the amount owed in violation of the FDCPA, RCPA and MOC using **Exhibit 2**,

b. Injunctive Relief stopping Defendants from continuing their plan and scheme through letters such as **Exhibit 2**,

c. Injunctive relief that stops the sending out collection letters by Allied Revenue Services, LLC in the name of an unlicensed entity, Allied Collection Service in violation of the RCPA and MOC,

d. Attorney fees and costs under the MOC and RCPA.

## IV. JURISDICTION AND VENUE

32.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015). )· *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be addressed separately").

33.

The factual basis of the RCPA and MOC claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a).

34.

Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202. Venue is

appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced. There is nothing unique or novel about Plaintiff's state claims.

### V. FACTUAL ALLEGATIONS

35.

In 2014, Plaintiff Aimee Haan incurred medical bills with the creditor, Advent Rehabilitation. The alleged amount owed at that time was $1,336.09. **Please see Exhibit 3**.

36.

On May 4, 2016, Defendant Allied sent a collection letter to Plaintiff stating that she owed $1,710.20 for the same debt and medical service. **Please see Exhibit 2**.

37.

Plaintiff wrote to Defendant Allied seeking a validation of the debt as to the amount stated as owed. Defendant wrote back that new amount of $1,710.20 included "collection fees." Please see **Exhibit 4** showing the amount owed in 2015 as 1,336.09 is the same owed in 2014 but that "collection fees" of $374.11 were added in June of 2016.

38.

Defendant Allied sent an initial communication letter at **Exhibit 2** as a debt collector as defined by 15 U.S.C. § 1692a (6). The Letter at **Exhibit 2** was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

39.

Plaintiff is informed and believes based upon the information from **Exhibit 1** and **Exhibit 2** that Defendant operates a collection agency in Michigan under the name Allied Collection Service even though there is no indication on the letters to Michigan residents that the real name

of Defendant on their Michigan collection license at License Number # 2401002756 is Allied Revenue Services, LLC This is in violation of the MOC.

40.

Plaintiffs are informed and believe, and on that basis allege that the Defendant has a policy and practice of seeking to collect collection debts with unauthorized collection fees and costs in the amount owed by Michigan residents in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692f(1), 15 U.S.C. §§ 1692g (1)(a), 15 U.S.C. §§ 1692e (10) MCLA 445.252(a), MCLA 445.252(e), MCLA 445.252(f), MCLA 445.252(n), MCLA 445.252(q), MCL 339.915(a), MCL 339.915(e), MCL 339.915(f)(ii), MCL 339.915(q), MCL 339.915a(n) and MCL 339.915a(p).

## VI. CLASS ACTION ALLEGATIONS

41.

Plaintiff realleges the above pleadings.

42.

The FDCPA Class consists of all persons with a Michigan address that have received dunning letters from Defendant with a false amount of debt consisting of unauthorized "collection fees in violation of the FDCPA.

43.

With the FDCPA Class, there are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members.

44.

There are no individual questions here. All class members are Michigan homeowners with defaulted debt that are receiving letters for debt amounts that include unauthorized "collection fees."

45.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

46.

Plaintiff tentatively defines two Michigan classes as all persons in the State of Michigan who, during the six years (RCPA) and (MOC) prior to the filing of this complaint, all Michigan homeowners with defaulted debt where the collection agency or debt collector collects false collection amounts under a name not licensed with the State of Michigan in violation of the MOC and RCPA. Plaintiff may subsequently redefine the class definitions considering discovery.

47.

The MOC Class consists of all persons with a Michigan address that received the type of letters at **Exhibit 2** from a debt collector with the name of Allied Collection in violation of MCL 339.915(a), MCL 339.915(e), MCL 339.915(f)(ii), MCL 339.915(q), MCL 339.915a(n) and MCL 339.915a(p) during the six-year period immediately preceding the filing of this complaint and the date of class certification.

48.

The RCPA Class all persons with a Michigan address that received the type of letters at **Exhibit 2** from a debt collector with the name of Allied Collection in violation of MCLA 445.252(a), MCLA 445.252(e), MCLA 445.252(f)(ii), MCLA 445.252(n) and MCLA 445.252(q) during the six-year period immediately preceding the filing of this complaint and the date of class certification.

49.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members in violation of the MOC and RCPA

50.

There are no individual questions, other than whether the MOC or RCPA class members received one of the offending letters (**Exhibit 2**) which can be determined by a ministerial inspection of the records and collection notes of Defendant.

51.

Plaintiff will fairly and adequately protect the interests of the MOC and RCPA class. Plaintiff is committed to vigorously litigating this matter. She is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained counsel experienced in litigating the MOC, RCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests, which might cause them to not vigorously pursue this claim.

52.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

53.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who sued by Defendants undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are small but illegal percentages of fees and costs. Management of this class claim is likely to present significantly fewer difficulties than those

presented in many class claims, e.g, for securities fraud.

54.

Certification of each class is appropriate because:

(a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately assert and protect the interests of the class; and (e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

55.

Certification of each class also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class.

56.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class,

thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

58.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

59.

Plaintiffs seek specific damages each member suffered and Declaratory and Injunctive Relief from the Court Ordering that this practice of Defendants be stopped and that the collection practice of Defendants be Regulated such that Defendant must obtain a state license to collect debts in Michigan under the MOC.

## VII. CLAIMS FOR RELIEF

### MOC AND RCPA CLASS ALLEGATIONS FOR ACTUAL DAMAGES AND INJUNCTIVE RELIEF

60.

Plaintiff realleges the above pleadings.

61.

Defendant has violated the MOC and is collecting debts in Michigan without regulation and a license and has further violated the MOC, but are not necessarily limited to, the following:

a.  Defendants violated MCL 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, using (*Exhibit 2)* as mentioned above; and

b.  Defendants violated MCL 339.915(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made about collecting a debt at (*Exhibit 2)*; and

c. Defendants have violated MCL 339.915(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(ii) The legal rights of the creditor or debtor at (*Exhibit 2*); and

d. Defendants have violated MCL 339.915(n) by using a harassing method to collect a debt in forms such as (*Exhibit 2*); and

e. Defendants have violated MCL 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee that is not regulated by the MOC as alleged above; and

f. Defendants have violated MCL 339.915a by communicating with a debtor in a misleading or deceptive manner such as the use of *(Exhibit 2)* as alleges above in creating the plan and scheme to charge inflated debt amounts without authorized agreement between the original creditor and the debtor; and

g. Defendants have violated MCL 339.915a(n) by identifying a collection agency name other than the name appearing on the license of Allied Revenue Services, LLC #2401002756 in letters such as *(Exhibit 2)*; and

i. Defendants have violated MCL 339.915a(p) by operating under a false name with false certification in letters such as *(Exhibit 2)*;

j. Defendants violated MCLA 445.252(a) by communicating with Plaintiff and class members in a deceptive manner in seeking to charge unauthorized collection fees using the letters to Michigan residents at (*Exhibit 2*) as mentioned above; and

k. Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (*Exhibit 2*) as mentioned above; and

l. Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not

    revealing the purpose of a communication when it is made in connection with collecting a debt at (*Exhibit 2*); and

m.     Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(ii)     The legal rights of the creditor or debtor at (*Exhibit 2*); and

n.     Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee with forms and practices involving (*Exhibit 2*).

**Wherefore**, Plaintiff seeks judgment and INJUNCTIVE RELIEF against Defendants for:

a.     Actual damages based on the illegal interests and costs Defendants charged of each Plaintiff, Triple Actual damages if the Court finds Defendants' scheme and plan alleged above as willful non-compliance, and Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1) to stop the plan and scheme of defendants as alleged above using (*Exhibit 2*); and

c.     Reasonable attorney's fees and court cost pursuant to the MOC and RCPA with judicial sanction and Injunctive Relief.

## FDCPA RECOVERY CLAIMS FOR RELIEF

62.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.     Defendant violated 15 U.S.C. 1692e and 15 U.S.C. 1692e (10) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a medical debt using the communication at **Exhibit 2** above; and

b.     Defendant collected on the debt and violated 15 U.S.C. 1692d with conduct described above that harasses and abuses a Michigan resident with collecting the medical debt

through **Exhibit 2** as stated above; and

c.  The Defendant is charging "collection fees" that are not authorized by the Original Agreement between the Creditor and debtor through **Exhibit 2** in violation 15 U.S.C. §1692f (1); and

d.  Defendant violated 15 USC 1692g(1)(a) by not providing the true amount of the debt to Michigan residents receiving letters such in **Exhibit 2** as stated above.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a.  Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.  Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.  Such further relief as the court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

January 13, 2017                s/Brian P. Parker
                                BRIAN P. PARKER (P48617)
                                Attorney for Plaintiff